Filed 11/18/24  Pasene v. Superior Court CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| FAGAMALAMA PASENE,<br><br>　　　Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF CITY &<br>COUNTY OF SAN FRANCISCO<br><br>　　　Respondent.<br><br><br>PEOPLE OF THE STATE OF<br>CALIFORNIA,<br><br>　　　Real Party in Interest. | A171444<br><br>(San Francisco Sup. Ct.<br>No. CRI-20005625) |

BY THE COURT[1]:

On October 7, 2024, petitioner filed a petition for writ of habeas corpus challenging respondent court's September 23, 2024 order denying petitioner's renewed motion for release on his own recognizance.  On November 1, 2024, this court notified the parties it intended to deem the petition a petition for writ of mandate and habeas corpus.  (See *Gray v. Superior Court* (2005) 125

---

[1] Before Stewart, P.J., Richman, J., and Miller, J.

Cal.App.4th 629, 636, fn. 3.) In the same November 1st order, the court invited the parties to file informal opposition and reply to the petition, addressing "(1) whether respondent superior court ordered, on September 23, 2024, petitioner's continued pretrial detention without first individually determining, and finding by clear and convincing evidence, that no less restrictive means will vindicate the state's interests in protecting public safety and assuring petitioner's future court appearances (*In re Humphrey* (2021) 11 Cal.5th 135, 154, 156); and (2) if so, the appropriate remedy." The court also notified the parties that, if circumstances warranted, it might issue a peremptory writ in the first instance. (See Code Civ. Proc. § 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.)

In their respective informal briefs, the parties agree that respondent court rendered its September 23, 2024 order without complying with *In re Humphrey*. The parties also agree that a peremptory writ of mandate is the appropriate remedy. Should a peremptory writ of mandate issue, the parties waive oral argument and stipulate to immediate finality in this court and immediate issuance of the remittitur.

Based on this court's review of the record and applicable law, it appears respondent court erred by ordering petitioner's continued pretrial detention without first making "an individualized determination that…detention is necessary to protect victim or public safety, or ensure defendant's appearance, and there is clear and convincing evidence that no less restrictive alternative will reasonably vindicate those interests." (*In re Humphrey*, *supra*, at p. 156 [emphasis added].) To comport with traditional notions of due process, a court is obligated to set forth the reasons for its decision on the record and to include them in the court's minutes. (*In re Humphrey*, *supra*, at p. 155.) "Such findings facilitate review of the detention

2

order, guard against careless or rote decisionmaking, and promote public confidence in the judicial process." (*Id*. at p. 156.)

In accordance with our notification to the parties that we might do so, we will direct issuance of a peremptory writ in the first instance. Petitioner's right to relief is obvious, and no useful purpose would be served by issuance of an alternative writ, further briefing, and oral argument. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)

Therefore, let a peremptory writ of mandate issue directing respondent superior court to vacate its September 23, 2024 detention order and to enter a new order after holding a further hearing on petitioner's detention in accordance with *In re Humphrey*.

In the interests of justice and to prevent further delays, this decision shall be final as to this court immediately. (Cal. Rules of Court, rule 8.490(b)(2)(A).) The parties having so stipulated, the remittitur will issue immediately upon the finality of this opinion as to this court. (Cal. Rules of Court, rules 8.272(c)(1) and 8.490(d).)